UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
SEP 28 2005

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BARB YOUNG, | * CIV 03-4027 |
| Plaintiff, | * MEMORANDUM OPINION AND |
| | * ORDER DENYING MOTION |
| -vs- | * FOR SUMMARY JUDGMENT |
| WERNER CO. | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant Werner Co. moves for summary judgment based on the lack of evidence to establish a prima facie case that the ladder at issue in this case was defective. After Defendant's motion for summary judgment was filed, Plaintiff disclosed her expert, John S. Morse, Ph.D., and his report. Dr. Morse opines that the ladder was defective and unreasonably dangerous. Defendant complains that Plaintiff disclosed her expert more than one year after the Court's deadline requiring her to do so. In addition, Defendant notes that Plaintiff filed no Statement of Material Facts and has not opposed any of the facts set forth in Defendant's Statement of Undisputed Material Facts. For the reasons stated below, the Court will deny the motion for summary judgment.

## BACKGROUND

On July 27, 2000, Plaintiff fell from a ladder while working at Cabela's in Mitchell, South Dakota. Represented by attorney Renee Christensen, Plaintiff filed suit against Defendant Werner on February 7, 2003, alleging Werner manufactured the ladder Plaintiff was using when she fell and that the ladder was defective and unreasonably dangerous. Defendant timely filed an Answer. The parties met and filed their Joint Form 35 Report and Scheduling Information on June 5, 2003. On July 16, 2003, Plaintiff filed a Consent authorizing attorney Christensen to withdraw from the case.

The Court entered a Rule 16 Scheduling Order on September 24, 2003. The Court set January 23, 2004 as the deadline for Plaintiff to disclose experts. The deadline for completion of discovery was set for September 24, 2004. The motion deadline was October 22, 2004. A pretrial conference was scheduled for January 10, 2005 and a jury trial was to commence on February 8, 2005.

On November 14, 2003, attorney Arlo Sommervold ("Sommervold") served a Notice to Take Deposition(s), and signed it as the attorney for the plaintiff. Cabela's produced the appropriate person for the deposition taken by Sommervold on December 8, 2003. On April 8, 2004, Defendant served Interrogatories and Requests for Production of Documents on Sommervold as attorney for the plaintiff. On April 13, 2004, Sommervold wrote to counsel for Defendant, indicating that he did not represent Plaintiff. On April 23, 2004, defense counsel wrote to Sommervold and enclosed a stipulation for dismissal of the case for Plaintiff's signature. Sommervold wrote to Plaintiff and advised her to contact Renee Christensen to determine whether she should sign the stipulation for dismissal. Receiving no response to the April letter, defense counsel wrote to Sommervold again on June 8, 2004. Sommervold did not respond to defense counsel.

No motions were filed by the October 22, 2004 motion deadline. Two weeks prior to the date of the pretrial conference, Defendant filed the pending motion for summary judgment.[1] Prior to receiving the motion for summary judgment, the Court was unaware that discovery had not been completed. Two days after the motion for summary judgment was filed, the Court received a letter from Plaintiff indicating that she was still looking for a lawyer to represent her in the case. On January 6, 2005, the Court issued an Order cancelling the pretrial and the trial and giving Plaintiff 20 days to respond to the motion for summary judgment.

On January 11, 2005, Sommervold sent a letter to the Court stating that he does not represent Plaintiff but that he was enclosing an expert report which he received from Plaintiff. He asked the

---

[1] Defendant did not explain why the motion for summary judgment was filed two months after the motion deadline.

2

Court not to grant Defendant's motion for summary judgment until the matter could be further investigated. In a separate letter from Plaintiff received by the Court on January 11, 2005, she asked for additional time to retain an attorney. The Court issued an Order extending Plaintiff's time to respond to the summary judgment motion until February 1, 2005. Sommervold filed a response on January 21, 2005, attaching as exhibits Plaintiff's Answers to Interrogatories and Request for Production of Documents and a curriculum vitae and report from Plaintiff's expert, John Morse, Ph.D. The response was simply that, "This satisfies Defendant's objection to this case proceeding and the Motion for Summary Judgment should be denied."

Defendant filed a reply in support of the motion for summary judgment. Defendant argues that Plaintiff's response to the motion for summary judgment should be stricken, along with Plaintiff's answers to Defendant's interrogatories and requests for production of documents, which were provided nearly 10 months after the discovery requests were served on Plaintiff and over 4 months after the deadline for completing discovery. Defendant urges the Court to grant its motion for summary judgment because Plaintiff has failed to comply with the Court's rules and its scheduling order, and because Plaintiff has not opposed any of the facts set forth in Defendant's Statement of Undisputed Facts.

## DISCUSSION

Federal Rule of Civil Procedure 26(a)(2)(C) requires counsel for parties to disclose expert witnesses and their reports "at the times and in the sequence directed by the court." Plaintiff did not disclose expert John Morse at the time and in the sequence directed by the Court. Federal Rule of Civil Procedure 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."

Plaintiff has indicated in letters to the Court that she has had trouble retaining counsel to represent her in this lawsuit. Sommervold indicated that he has been assisting Plaintiff to help her avoid dismissal of her lawsuit, but that he will not represent her in this matter. Plaintiff has provided substantial justification for the untimely disclosure of her expert, and for her failure to appropriately

3

respond to the motion for summary judgment. In addition, the Court finds that the untimely disclosure of John Morse as an expert witness is harmless to the defense. The Court will allow additional discovery related to Mr. Morse's opinions so the late disclosure will not prejudice Defendant's ability to prepare for trial now that the discovery deadlines have passed.

The Court notes that no notice of appearance has been filed by counsel on behalf of Plaintiff. Plaintiff has had more than adequate time to retain a lawyer to represent her in this case. The Court will not entertain any further requests from Plaintiff for extensions of time based on failure to retain counsel. Plaintiff is warned that failure to proceed with this case may result in its dismissal.

Due to the delay of the pretrial and the trial date, Defendant is not prejudiced by the late designation of an expert and other late discovery responses. This denial of the motion for summary judgment is without prejudice to Defendant's right to renew the motion after discovery is completed. The admission of facts by the Plaintiff stands and may not be altered absent a showing of excusable neglect by Plaintiff. Accordingly,

IT IS ORDERED:

(1) that the Motion for Summary Judgment (Doc. 13) is denied;

(2) that Defendant will be permitted to take the deposition of Dr. John Morse prior to the trial in this case; and

(3) that the Court will issue an Amended Rule 16 Scheduling Order scheduling the pretrial conference and the trial in this case.

Dated this 28th day of September, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
(SEAL)    DEPUTY

4